**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3244
_____

CORDELL YOUNG,

Appellant

v.

JOHN DOE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-04875)
District Judge:  Honorable Mark A. Kearney

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on January 26, 2026

Before: BIBAS, CHUNG, and BOVE, Circuit Judges

(Opinion filed: January 30, 2026)

_____

_____

OPINION*

_____

PER CURIAM

Cordell Young appeals *pro se* from the District Court's order dismissing his declaratory judgment suit for failure to state a claim. We will affirm.

Young was sentenced to life in prison without the possibility of parole after a Pennsylvania jury found him guilty of first-degree murder in 2007; he was 20 years old at the time of the offense. In 2024, Young filed a civil rights complaint in the United States District Court for the Eastern District of Pennsylvania pursuant to 42 U.S.C. § 1983.[1] He alleged that the Commonwealth's sentencing statute for first-degree murder, 18 Pa. C.S. § 1102(a), is facially unconstitutional under the Eighth and Fourteenth Amendments because it "does not permit mitigation evidence before sentencing 18-to-20 year old age group to life without parole." *See* ECF Doc. 2 at 13. Although the United States Supreme Court has held that mandatory sentences of life without parole *for those under 18* at the time of their crimes is unconstitutional, *see Miller v. Alabama*, 567 U.S. 460, 465 (2012), Young sought to extend *Miller*'s holding in reliance upon studies indicating that biological and psychological development continues beyond the age of 18. He named "John Doe" as the sole defendant, but otherwise provided no information about

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The complaint was signed by two other prisoners who are serving life sentences, but the District Court dismissed those plaintiffs without prejudice because they did not move to proceed *in forma pauperis* or pay the filing fee.

that individual. As relief, he sought "an injunction against . . . § 1102(a)" and a "declaratory judgment that states [that his] rights under the Eighth Amendment to the United States Constitution ha[ve] been violated." *See* ECF Doc. 2 at 19.

The District Court screened Young's complaint under 28 U.S.C. § 1915A and dismissed it with prejudice *sua sponte* for failure to state a claim. The court held that "Young's life imprisonment without parole is not presently understood to be cruel and unusual punishment for a twenty-year-old under the Eighth Amendment." *See* ECF Doc. 9 at 3. It also reasoned that a "life sentence for first-degree murder does not mean the state court disregarded mitigation evidence or violated procedural due process, because the adult offender could otherwise face the death penalty." *See id.* at 5. And noting that "[d]rawing a line at age eighteen is not arbitrary when considering the Supreme Court's guidance and national consensus," the court concluded that Young's "sentence does not violate the Equal Protection Clause" either. *See id.* at 6. Young timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the District Court's dismissal of Young's complaint for failure to state a claim under Section 1915A, accepting as true his factual allegations and drawing all reasonable inferences in his favor. *See Dooley v. Wetzel*, 957 F.3d 366, 373–74 (3d Cir. 2020) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). We may affirm on any basis supported by the record. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Young assails the District Court's merits analysis. But his lawsuit is doomed for a more fundamental reason: he cannot satisfy the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* provides that, where success in a Section 1983

3

action necessarily would imply the invalidity of a conviction or sentence, an individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been overturned or otherwise undone. *See id.* at 486–87; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (clarifying that *Heck* also applies to claims for declaratory relief). Young sought to have the District Court declare Section 1102(a) unconstitutional. That provision is part of the sentencing scheme that mandates life without parole for defendants convicted of first-degree murder. Although Young did not expressly seek immediate or speedier release, the inevitable consequence of declaring Section 1102(a) unconstitutional is the invalidation of his extant mandatory life sentence. *Cf. Scott v. Pa. Bd. of Prob. & Parole*, 284 A.3d 178, 198 (Pa. 2022) (holding that successful constitutional challenge to statute prohibiting parole for those convicted of second-degree murder "would necessarily invalidate the criminal punishment imposed by [Pennsylvania's] 'sentencing practices'"). *Heck* thus means that his claims are not ones "upon which relief may be granted." 18 U.S.C. § 1915A(b)(1).

Accordingly, we will affirm the District Court's judgment, though we will modify the order of dismissal to reflect that the claims are dismissed without prejudice. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (collecting cases and holding that dismissal of *Heck*-barred claims should be without prejudice).

4